## GARFUNKEL WILD, P.C.
ATTORNEYS AT LAW

111 GREAT NECK ROAD • GREAT NECK, NEW YORK 11021
TEL (516) 393-2200 • FAX (516) 466-5964
www.garfunkelwild.com

JOHN G. MARTIN
Partner
Licensed in NY
Email: jmartin@garfunkelwild.com
Direct Dial: (516) 393-2214

FILE NO.: 15489.0002

May 31, 2022

Hon. Denis R. Hurley
United States District Court
United States Courthouse
Eastern District of New York
Central Islip, NY

Re: <u>United States v. Hal Abrahamson</u>

Dear Judge Hurley:

    We write on behalf of our client, Dr. Hal Abrahamson, to request termination of his Supervised Release, pursuant to 18 U.S.C. 3583 (e). Dr. Abrahamson's Probation Officer, Vincent Danielo, has no objection to this request.

    On June 27, 2017, Dr. Abrahamson appeared before your honor and pled guilty to Health Care Fraud. Dr. Abrahamson cooperated completely with the lengthy government investigation, providing thousands of documents and agreeing to waive indictment and plead guilty to an information immediately upon the completion of the investigation. During the time between his plea and sentence Dr. Abrahamson obeyed all Court directions and appeared promptly for all court appearances. The Court sentenced him to one year and one day of incarceration followed by two years of supervised release, and imposed a $50,000 fine. The Court also ordered that $869,651.99 be paid in restitution. Dr. Abrahamson paid $800,000 on the date of sentence, satisfying over 90% of his restitution obligation.

    Dr. Abrahamson timely self-surrendered to FCI Otisville in January of 2020, and two months later he fell ill with Covid-19 related pneumonia. Dr. Abrahamson suffered a heart attack while he was in the hospital, and was subsequently returned to Otisville and placed in isolation. On April 22, 2020 Dr. Abrahamson was released on a medical furlough. He was placed on Supervised release on November 23, 2020, and his period of supervision is due to expire on November 22, 2022. He is currently on low intensity supervision.

    While on furlough and supervised release over the past two years Dr. Abrahamson has led a model life. Although he continued to suffer from the lingering effects of Covid-19, he volunteered to assist an organization called Remote Area Medical, a non-profit provider of mobile medical clinics delivering free dental, vision, and medical care to under-served and uninsured

---

Hon. Denis R. Hurley
May 31, 2022
Page 2

individuals with Covid vaccination efforts once that opportunity was available. He is also delivering Sabbath meals to persons in financial distress and delivering Seder meals to hospitalized patients.

Dr. Abrahamson has also done his best to remain gainfully employed while on release, however, he has been hampered by the ongoing effects of his bout with Covid-19, and by the limitation on his ability to be employed in any capacity that relates to health care. Since his release from prison, Dr. Abrahamson has paid the remainder of the restitution due. He has also paid his $50,000 fine.

Pursuant to 18 U.S.C. 3583 (e), Modification of conditions or revocation of Supervised Release, the Court may, after considering the sentencing factors set forth in section 3553(a),

(1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;

Pursuant to Federal Rule of Criminal Procedure 32.1, Revoking or Modifying Probation or Supervised Release, subdivision (c), Modification, the Court may do so without a hearing if "the relief sought is favorable to the person and does not extend the term of probation or of supervised release," and "an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so."

We respectfully submit that there is no need for Dr. Abrahamson to remain under supervision. His conduct since release has been exemplary and certainly the additional calamitous health consequences he suffered while incarcerated, which continue to affect him, merit termination in the interest of justice.

We are serving a copy of this application on ASUA Charles Kelly, who has handled this case for the government, today by email and via our ECF filing, to provide a reasonable opportunity to object.

We thank the Court for its consideration of this matter.

Respectfully,

_____/s/_____

John G. Martin